UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DENISE LOBELL

VERSUS

TOM J. VILSACK, SECRETARY
U.S. DEPARTMENT OF AGRICULTURE

CIVIL ACTION

NO. 12-307-JJB

## **RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a motion to dismiss for lack of subject matter jurisdiction or, alternatively, for failure to state a claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure by defendant Tom. J. Vilsack, Secretary of U.S. Department of Agriculture ("Vilsack"). (Doc. 20). Plaintiff Denise Lobell ("Lobell") has filed an opposition (Doc. 30), to which Vilsack has filed a reply. (Doc. 33). Oral argument is not necessary. For the reasons herein, the Court GRANTS the defendant's motion to dismiss. (Doc. 20).

The following facts are taken from the complaint (Doc. 1) and are accepted as true for the purposes of this motion. *See Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012). Lobell was employed by the Department of Agriculture from 1987 through 2004. On April 18 and 26, 1997, Lobell entered into two settlement agreements with the Department to resolve formal and informal complaints of discrimination pursuant to Title VII and the Age Discrimination in Employment Act ("ADEA"). The agreements provided, in part, that she would voluntarily transfer to the Baton Rouge, Louisiana office and that she was permitted to bring any concerns or issues to her immediate supervisor.

On October 13 and 16 of 2000, Lobell sent correspondence to the Department that the Department had breached the settlement agreements by "continuing to put her

1

in harm's way." (Doc. 1, ¶ 6). Specifically, Lobell alleges that her supervisor "turned a co-worker against her and assigned her dangerous overtime" and she was subject to "workplace violence," including broken windows, "sabotaged tires," and her family was almost harmed several times. (*Id.*, ¶ 7). On January 14, 2002, Lobell wrote the Department's Office of Civil Rights "requesting a decision on her breach of settlement claim." (*Id.*, ¶ 8). On April 17, 2002, the Office advised that she could file an appeal with the Equal Employment Opportunity Commission ("EEOC").

On July 7, 2002, Lobell filed an appeal with the EEOC alleging that the Agency breached the terms of the April 18, 1997 agreement. Specifically, she asserted that her first line supervisor failed to "give her any assessments or evaluations of her conduct and others placed false written accounts of her conduct" into her file. (*Id.*, ¶ 9). Additionally, she asserted that she was subjected to "extremely violent harassment." (*Id.*). On July 29, 2004, the EEOC remanded her breach of settlement claim to the Department for further processing. On February 3, 2005, the Department requested that Lobell submit a statement explaining the breach of settlement claim. On February 25, 2005, Lobell explained that the Department breached the agreements because (1) she had reported incidents of workplace violence and no action was taken; (2) being placed under the supervision of a supervisor "who had a known history of violence against female employees,"; and (3) being placed under the supervision of an employee "who stole government property with the intention of harming" Lobell. (*Id.*, ¶ 11). However, after receiving this statement, the Department did not issue a decision on the breach of settlement claim.

In February of 2005, Lobell wrote to the EEOC Compliance and Control Division seeking compliance and in May of 2005, Lobell sent a petition for enforcement to the EEOC. The Department did not issue a decision. In May of 2011, Lobell sent another request to the Department's Office of Civil Rights to issue a decision on her breach of settlement claims in compliance with the EEOC's order. In August of 2011, the Department ultimately issued a Final Agency Decision ("FAD") stating it was in compliance with both settlement agreements.

Lobell appealed on September 23, 2011, arguing that the Department did not comply with the agreements. On February 27, 2012, the EEOC Office of Federal Operations affirmed the Department's decision. On May 28, 2012, Lobell filed this action, seeking damages based on the Department's alleged breach of the settlement agreements. Specifically, Lobell is seeking (1) back pay and benefits; (2) reinstatement or front pay and benefits; and (3) compensatory damages for emotional distress, mental anguish, humiliation and embarrassment. While Lobell does not indicate the exact amount of monetary damages she is seeking, Vilsack suggests, and this Court agrees, that her requested damages would be over $10,000 because she is seeking back pay from her resignation in 2004 and her salary was $40,300 in April of 1997.

Vilsack seeks to dismiss this action for lack of subject matter jurisdiction, or alternatively, for failure to state a claim. The Court finds that it lacks subject matter jurisdiction, and accordingly, this matter shall be dismissed. The Court does not find it necessary to reach whether Lobell has stated a claim.

It is well-established that the United States "may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v.*

3

*Navajo Nation*, 537 U.S. 488, 502 (2003) (citation and quotation omitted). Thus, jurisdiction over a suit involving the federal Government "requires a clear statement from the United States waiving sovereign immunity" and the "terms of consent to be sued may not be inferred, but must be 'unequivocally expressed.'" *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (citations omitted). It is also well-settled that the burden of proving the existence of subject matter jurisdiction rests with the plaintiff. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 91935). Thus, it is incumbent upon Lobell to show that this Court has subject matter jurisdiction, which she has failed to do.

Lobell's cause of action is based on the Department's breach of settlement agreements pursuant to Title VII and ADEA, and thus, contract law governs. *See Guidry v. Halliburton Geophysical Services*, 976 F.2d 938, 940 (5th Cir. 1992) (explaining that a "settlement agreement is a contract."). While Congress waived sovereign immunity under Title VII and ADEA for actions seeking relief for unlawful employment practices, an action for breach of a settlement agreement is simply a contract action, and it is irrelevant that the purpose of the contract arose from Title VII and ADEA. *See Thompson v. McHugh*, 388 Fed. App'x 870, 872-73 (11th Cir. 2010) (explaining that the complaint did not seek relief for employment discrimination, but for "contract rescission, a claim that is founded on general principles of contract law," and the fact that "the contract in question resolved Title VII complaints is incidental to . . . [the] rescission claim.").

Moreover, the circuit courts have addressed this very issue, finding that Title VII does not waive the sovereign immunity of the United States for claims of breach of

4

settlement agreements. *See Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013) (explaining that the district court properly dismissed the claim for lack of subject matter jurisdiction for a breach of settlement agreement claims under Title VII); *Munoz v. Mabus*, 630 F.3d 856, 860-561 (9th Cir. 2010) (finding that "Congress' waiver of sovereign immunity under title VII does not extend to suits to enforce settlement agreements entered into without genuine investigation, reasonable cause determination, and conciliation efforts by the EEOC."); *Lindstrom v. United States*, 510 F.3d 1191, 1195 (10th Cir. 2007) (finding that the district court did not have subject matter jurisdiction over a suit for enforcement of settlement agreements); *Patterson v. Spellings*, 249 Fed. App'x 993, 998 (5th Cir. 2007) (finding that the court lacked jurisdiction over the claim for breach of settlement agreement).

Vilsack argues that Lobell's action for breach of settlement agreement, presuming it is cognizable and the damages are in excess of $10,000, would be in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *See Holmes v. United States*, 657 F.3d 1303, 1312 (Fed. Cir. 2011) (finding that "Tucker Act jurisdiction may be exercised in a suit alleging breach of a Title VII settlement agreement."). The Court agrees but is not inclined to express an opinion as to whether Lobell's claim is cognizable having been divested of subject matter jurisdiction.

In Lobell's opposition, Lobell raises, for the first time, that her cause of action falls under the Federal Tort Claims Act's ("FTCA") sovereign immunity waiver exceptions. However, this suit is not a tort action, although Lobell's alleged damages include emotional distress, mental anguish, and humiliation. Rather, this is a breach of contract claim and thus, the FTCA is inapplicable. Additionally, Vilsack correctly points out that

5

even if this were a FTCA matter, Lobell failed to file an administrative claim with the agency and thus, Lobell cannot bring suit. *See McNeil v. United States*, 508 U.S. 106, 112 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Additionally, Vilsack asserts that Lobell has sued the incorrect defendant because she has sued the head of the federal agency, Vilsack, and the FTCA grants jurisdiction to determine tort actions against the United States. *See* 28 U.S.C. § 1346(b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States"); *see also Atorie Air, Inc. v. F.A.A.*, 942 F.2d 954, 957 (5th Cir. 1991) (finding that "[a]ll defendants other than the United States were properly dismissed for lack of subject matter jurisdiction" in a FTCA claim). Thus, the Court agrees that Lobell has not stated a FTCA claim.

Lobell next argues that this Court has jurisdiction due to the waivers in ADEA and Title VII. However, as this Court has already explained, this suit is based on breach of contract, not for claims of discrimination based on race, age, religion, etc. Thus, Lobell cannot rely upon the waivers to establish this Court's subject matter jurisdiction.

Finally, Lobell argues that the settlement agreements "can only be interpreted as restrict and negative toward the plaintiff" and should not be read "to further restrict the plaintiff's legal remedies." (Doc. 30 at 5). Lobell also asserts that these agreements should be viewed as a contract of adhesion. However, as Vilsack points out, the purpose of the settlement agreements was to restrict the legal rights of the parties. Moreover, Vilsack asserts that Lobell cannot raise, for the first time, that these agreements were a "contract of adhesion" and simultaneously argue that she is entitled

6

to relief based upon an alleged breach of these agreements. Lobell has also not requested rescission of the agreements, nor did she allege that the agreements were entered into under duress or coercion. The Court finds that it cannot entertain Lobell's arguments concerning the language of the agreements or whether the agreements were the product of duress or coercion because (1) Lobell did not allege this in her complaint and (2) Lobell still has not shown that this Court has subject matter jurisdiction, and thus, the Court will not reach the merits of these arguments.

Accordingly, the Defendant's Motion to Dismiss is hereby GRANTED. (Doc. 20). Signed in Baton Rouge, Louisiana on July 29th, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**